**SO ORDERED: August 21, 2017.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

IN RE:                                          )
                                                )
PRECISION PIPING AND                            )
MECHANICAL, INC., a/k/a PPMI        )        CASE NO. 17-70785-BHL-7A
CONSTRUCTION COMPANY (PPMI),        )
                                                )
              Debtor.                           )

**ORDER GRANTING JOINT MOTION TO SELL AT**
**PRIVATE SALE CERTAIN PERSONAL PROPERTY FREE AND**
**CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS AND INTERESTS**

This matter is before the Court on the *Joint Motion to Sell at Private Sale Certain Personal*

*Property Free and Clear of All Liens, Encumbrances, Claims and Interests* (the "Sale Motion")

[Doc 15], filed by Stacy M. Wissel, the Chapter 7 Trustee in this case (the "Trustee"), and First

Federal Savings Bank (the "Bank") requesting authority to sell certain fabricated steel owned by

the Debtor, Precision Piping and Mechanical, Inc. (the "Debtor"), free and clear of all liens,

encumbrances, claims and interests, to Skanska (the "Purchaser").  No objections to the Sale

Motion were filed.  The Court, having considered the Sale Motion and being otherwise duly

advised in the premises, hereby GRANTS the Sale Motion.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT the Sale

Motion is GRANTED in its entirety as to the sale (the "Sale") of the fabricated steel more

1

specifically described as 1100 lineal feet of Edge Embed #1 and 140 lineal feet of Edge Embed #2 as described in those certain construction drawings dated July 25, 2017 for the project commonly referred to as the Bumper Reborn # 1 at a Toyota plant located at Princeton, Indiana (collectively, the "Assets").  It is further

ORDERED that the sale of the Assets to the Purchaser is approved for the $9,500.00 purchase price. The Sale of the Assets shall be "AS IS, WHERE IS, AND WITH ALL FAULTS," without recourse, representation, warranty or guarantee of any kind, whether express or implied, and the Trustee is authorized to disclaim all warranties of merchantability or fitness for a particular purpose.  It is further

ORDERED that pursuant to section 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"), the Trustee is authorized and empowered to consummate the Sale of the Assets.  It is further

ORDERED that the Trustee is authorized to execute any documentation necessary to effectuate the Sale of the  Assets, including the execution of a bill of sale, and any and all other additional instruments and documents that may be necessary to effectuate the Sale of the Assets. It is further

ORDERED that Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the sale of the Assets to the Purchaser under this Order shall be free and clear of any and all liens, encumbrances, claims or interests (including any interest held pursuant to the Bank and The Hanover Insurance Group), with all such valid liens, encumbrances, claims and interests attaching to the sale proceeds in the same order, priority and validity that presently exists.  It is further

ORDERED that the Sale shall constitute a legal, valid, and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person or entity, and shall vest

the Purchaser with all rights, title and interest of the Debtor's bankruptcy estate in and to the Assets free and clear of all liens, encumbrances, claims and interests, pursuant to section 363(f) of the Bankruptcy Code.  It is further

ORDERED that after receipt of the sale proceeds, the Trustee is authorized to disburse the net proceeds from the Sale to the Bank to be applied to the indebtedness due by the Debtor. It is further

ORDERED that this Order (i) shall be effective as a determination that any and all liens, encumbrances, claims and interests existing on the Assets prior to closing have been unconditionally released, discharged, and terminated, and that the conveyances described have been effected, and (ii) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal , state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets, and all such filings and the transfers contemplated by this Order shall be effected without charges, fees, or taxes of any kind; and each of the foregoing persons or entities are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions and a certified copy of this Order, if filed, shall be sufficient to release any and all liens, encumbrances, claims or interests.  It is further

ORDERED that this Court shall retain exclusive jurisdiction to enforce and implement the terms and provisions of this Order, including, but not limited to, retaining jurisdiction to: (i)

compel delivery of the Assets to the Purchaser; (ii) interpret, implement and enforce the provisions of this Order; and (iii) protect the Purchaser against encumbrances in or upon the Assets or any claim by any party against the Purchaser arising out of or related to the operation of the Assets. Moreover, the Court will retain jurisdiction to amend this Order or enter supplemental orders which may be required to close the transactions.  It is further

ORDERED that the terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtor's bankruptcy estate, its creditors, the Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not   limited to all persons holding an encumbrance in or upon the Assets, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which any trustee(s) such terms and provisions likewise shall be binding. The transactions contemplated by this Order shall be specifically performable, enforceable against, binding upon and not subject to rejection by the Purchaser or the Trustee or any trustee subsequently appointed under any chapter of the Bankruptcy Code.  It is further

ORDERED that pursuant to Bankruptcy Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court hereby expressly finds and concludes that there is no just cause for delay in the implementation of this Order. This Order shall therefore not be stayed for fourteen (14) days after its entry.  Notwithstanding any provision of the Bankruptcy Code or the to the contrary, this Order shall be effective and enforceable immediately upon entry, and any stay thereof, including without limitation Bankruptcy Rule 6004(h), is hereby abrogated.  It is further

ORDERED that the provisions of this Order are non-severable and mutually dependent.  It is further

4

ORDERED that this Order shall constitute a final judgment and order pursuant to 28 U.S.C. § 158(a).

### ###