UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PRECISION PIPING AND | ) | |
| MECHANICAL, INC., a/k/a PPMI | ) | CASE NO. 17-70785-BHL-7A |
| CONSTRUCTION COMPANY (PPMI), | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND
ABANDONMENT AND NOTICE OF OBJECTION DEADLINE**

Creditor, First Federal Savings Bank (the "Bank"), by counsel and pursuant to 11 U.S.C. § 362(d) and § 554 of the Bankruptcy Code, states the following for its Motion for Relief from Automatic Stay and Abandonment and Notice of Objection Deadline ("Motion"):

A.     **FACTUAL BACKGROUND**

1.     The Debtor, Precision Piping and Mechanical, Inc. (the "Debtor"), filed its voluntary bankruptcy petition on August 2, 2017 (the "Petition Date").

**The Loan Documents and Assets**

2.     Prior to the Petition Date, the Bank made the following loans (collectively, the "Loans") to the Debtor and/or Scott P. Jones ("Jones") pursuant to the terms and conditions of certain Business Loan Agreements dated February 18, 2016, May 3, 2017 and May 19, 2017 (collectively, the "Loan Agreements"):

- Loan No. 2680014798 in the amount of $1,245,052.40 on February 18, 2016;
- Loan No. 2680014780 in the amount of $1,079,666.82 on February 18, 2016;
- Loan No. 2680014806 in the amount of $2,000,000.00 on May 3, 2017;
- Loan No. 2680015647 in the amount of $54,545.10 on May 19, 2017;
- Loan No. 2680015639 in the amount of $86,849.00 on May 19, 2017; and
- Loan No. 2680015621 in the amount of $76,241.00 on May 19, 2017.

The Loan Agreements are attached hereto as **Exhibits A-1 through A-6** and are incorporated herein

by reference.[1]

3. The Loans are evidenced by certain Promissory Notes dated February 18, 2016, May 3, 2017 and May 19, 2017 (collectively, the "Notes").  The Notes are attached hereto as **Exhibits B-1 through B-6** and are incorporated herein by reference.  The Debtor guaranteed the indebtedness due and owing by Jones to the Bank pursuant to the terms of a Commercial Guaranty (the "Guaranty").  The Guaranty is attached hereto as **Exhibit C** and is incorporated herein by reference.

4. The Loans are secured by all of the Debtor's personal property including, but not limited to, accounts, equipment, inventory, and general intangibles (collectively, the "Assets"), as more specifically set forth in the Commercial Security Agreements executed by the Debtor on February 18, 2016, May 3, 2017 and May 19, 2017 (collectively, the "Security Agreements").  The Security Agreements are attached hereto as **Exhibits D-1 through D-6** and are incorporated herein by reference.

5. The Bank filed UCC-1 financing statements against the Debtor with respect to the Assets on February 18, 2016 and May 22, 2017 as Instrument Nos. 201600001251967, 201700004250223, 201700004250445 and 201700004250556 with the Indiana Secretary of State (collectively, the "Financing Statements").  The Financing Statements are attached hereto as **Exhibits E-1 through E-4** and are incorporated herein by reference.  (Collectively, the Loan Agreements, Notes, Security Agreements and Financing Statements shall collectively be referred to herein as the "Loan Documents").

6. Although the Debtor's Assets also include about twenty-four (24) vehicles (collectively, the "Vehicles"), the Bank's lien was not noted on the certificates of title to the

---

[1] Exhibits A through E to this Motion total about 100 pages.  Given the volume of the exhibits and the number of creditors to serve in this bankruptcy case (over 300), the exhibits are available either on the Bankruptcy Court's website or upon request of counsel for the Bank: Bingham Greenebaum Doll LLP c/o Susan Mays, SMays@bgdlegal.com (email) or 502-587-3694 (phone).

Vehicles prior to the Petition Date.  Therefore, the Vehicles are not included in the relief requested in this Motion.

**Sale Prior to Petition Date**

7. The Debtor defaulted under the Loan Documents on or about July 21, 2017.

8. On July 31, 2017, the Debtor sold to DeBra-Kuempel Inc. certain of the Assets for a purchase price of $500,000 (the "Sale").  The proceeds from the Sale – with the exception of $30,000 paid into escrow for warranty claims – were paid to the Bank to be applied to the indebtedness due and owing under the Loan Documents.

9. As of August 22, 2017, the amount due by the Debtor to the Bank totals $2,571,732.31, which includes principal, interest and billed attorneys' fees but excludes unbilled attorneys' fees and other fees and costs that continue to be incurred.

## B.   RELIEF REQUESTED

10. The Bank requests that it be granted relief from the automatic stay under 11 U.S.C. §362(d)(1) and/or 11 U.S.C. §362(d)(2) in order to pursue its state law remedies with respect to the Debtor's Assets remaining after the Sale, excluding the Vehicles (the "Remaining Assets"). The Remaining Assets primarily consist of accounts receivable, a Caterpillar fork truck (Serial No. 54100746), a Toyota fork truck (8FGU30-32943), a WEDECO ultraviolet disinfection equipment, and other equipment and materials located at the Debtor's facilities or various job sites where the Debtor was providing services.  The Debtor does not have any equity in the Remaining Assets and has ceased operations.

11. The Bank also requests that the Remaining Assets be abandoned pursuant to 11 U.S.C. §554(b) for the reason that the Remaining Assets are burdensome to the estate and are of inconsequential value to the estate.

3

12. The Trustee has been contacted and does not object to the relief requested in this Motion.

13. The Bank requests that the Court waive the 14-day stay under Bankruptcy Rule 4001(a)(3).

NOTICE: **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order affecting the property, or if you want the court to consider your views on the motion, then on or before September 11, 2017 (**14 days** from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

United States Bankruptcy Court
352 Federal Building
101 Northwest Martin Luther King Jr. Boulevard
Evansville, Indiana 47708

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:

Whitney L. Mosby
Thomas C. Scherer
Bingham Greenebaum Doll LLP
10 West Market Street, #2700
Indianapolis, Indiana 46204

Donald J. Fuchs
Bingham Greenebaum Doll LLP
One Main Street, Suite 600
Evansville, IN 47708

James T. Young
Rubin & Levin P.C.
135 N. Pennsylvania St., Ste. 1400
Indianapolis, IN 46204

Stacy M. Wissel
Office of Stacy M. Wissel
PO Box 68
Decker, IN 47524-0068

If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting the property.

WHEREFORE, First Federal Savings Bank requests that (i) relief from the automatic stay be granted by the Court in order to allow the Bank to enforce its state law rights with respect to

4

the Remaining Assets; (ii) the Remaining Assets be abandoned from the bankruptcy estate; (iii) an order be entered finding that the stay imposed by Bankruptcy Rule 4001(a)(3) has been waived; and (iv) for such other relief as is proper.

        Respectfully Submitted,

        */s/ Whitney L. Mosby*
        Whitney L. Mosby
        Thomas C. Scherer
        Bingham Greenebaum Doll LLP
        10 West Market Street, Suite 2700
        Indianapolis, IN 46204
        317-635-8900
        Fax: 317-236-9907
        Email: wmosby@bgdlegal.com
                tscherer@bgdlegal.com

        -and-

        Donald J. Fuchs
        Bingham Greenebaum Doll LLP
        One Main Street, Suite 600
        Evansville, IN 47708
        812-802-5809
        Fax: (812) 437-6717
        Email: DFuchs@bgdlegal.com

        *Counsel for First Federal Savings Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system:

R. Stephen LaPlante
slaplante@keatingandlaplante.com

Stacy M. Wissel
tr_wissel_ecf@sbcglobal.net

James T Young
james@rubin-levin.net

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Joseph H. Langerak IV
jhlangerak@jacksonkelly.com

Adam L. Kochendorfer
akochenderfer@wolfsonbolton.com

Anthony J. Kochis
akochis@wolfsonbolton.com

Joseph Hubert Langerak, IV
jhlangerak@jacksonkelly.com

Raymond Anthony Basile
rbasile@basilelawoffice.com

Donald D. Schwartz
dds@aandklaw.com

Grace Winkler Cranley
Grace.cranley@dinsmore.com

Michael J. Weber
Michael.weber@dinsmore.com

Cassandra A. Nielsen
cnielsen@rubin-levin.net

James T. Young
james@rubin-levin.net

*/s/ Whitney L. Mosby*

18681751_1.docx